Totten, J.,
delivered the opinion of the court.
Ellick, a slave, was indicted in the circuit court of Giles, for an assault, with intent to commit a rape upon the person of Sarah E. Tidwell, a free white woman, and at December term, 1849, of said court, he was tried and convicted of said offence, a capital felony, by the act 1835, ch. 19, § 10.
He appealed to the supreme court, where, for errors apparent in the record, the said conviction and judgment thereon, were reversed, and the prisoner was remanded to the county of Giles for a new trial. At August term, 1850, of the circuit court of Giles, the venue was changed to the county of Maury; and at May term, 1851, of the circuit court of Maury, the prisoner was again convicted of said offence, and sentence of death pronounced against him, from which he has appealed in error to this court.
Several questions in error, are made and relied upon by the prisoner’s counsel. First. That there was error in the change of venue.
The order, changing the venue, after stating the presence of the prisoner, proceeds as follows: “The judge, upon an attempt to select and empanel a jury for the trial of said defendant, Ellick, being of opinion that a fair and impartial trial cannot be had in the county of Giles, where said cause is now pending, said judge doth, with the assent of the defendant, *327 order the venue of' this cause to be changed to the county of Maury, in the State of Tennessee, a county adjoining to said county of Giles, and free from the like exceptions,” &c., with an order on the clerk to make a complete transcript of the record in said cause, and transmit the same to the circuit court of Maury.
It is argued, that the facts upon which the judge formed his opinion, that a fair and impartial trial could not be had in the county of Giles, must appear in the record, so as to enable a revising court to determine whether his opinion was well founded or not.
This position, we think untenable. We are to presume, in the absence of any averment to the contrary, that the opinion of the judge was not a mere arbitrary conclusion, without facts to support it; but that it was well founded in the facts, as they appeared before him, in an honest and bona fide effort to select and empanel a properjury for the trial of the prisoner. The opinion of the judge upon the legal necessity of a change of venue, may be reversed; but certainly a strong case of error must appear in the facts, before this court could feel authorised to reverse his judgment and opinion, in such a matter, where it is so difficult to present, in a bill of exceptions, all the facts and circumstances on which the opinion may rest. But here no exception was taken, but on the contrary, the prisoner assented to the change of venue.
It is further argued, that it does not appear in the record, that the prisoner was allowed to make his election of a county, nor that the county to which the venue was changed, is the nearest county in the circuit.
By the act of 1827, ch. 30, the venue may be changed for the causes before stated, “if ihe accused agree thereto,” but not otherwise. By the act of 1839, ch. 9, the venue may be changed for the same causes, without the prisoner’s consent, and against his will. But in such case, he may “choose and *328 elect” the county, in the circuit, to which the venue shall be changed, or if he decline to make the election, the court may make it for him.
Now, in the present case, the venue was not changed against the prisoner’s will but with his assent, and we may further observe, that his assent to the county may be fairly inferred from the terms of the order. The order is, therefore, legal and proper under the act of 1827, ch. 30, which is not repealed in this respect by any conflicting provision in the act of 1839.
The act of 1827 directs that the venue be changed to the “next adjoining county convenient to the parties,” the act of 1839,“ to the nearest county, free from like exception,” within the circuit.
Now, as the prisoner’s consent is necessary under the former act, and was given in the present case, he is now precluded from taking exception to the county to which the venue was changed. His assent to the-change of venue under this act, necessarily implies his assent to the county to which the venue is changed, or the judge could make no order changing the venue, under this act, without his assent.
Under the act of 1839, the judge has no power to name the county to which the venue shall be changed, except in the given case, when the prisoner, the election being offered to him, shall decline and refuse to make his election. In that case the judge shall make it for him. The stated facts contemplated by this act, do not appear in the present case.
It will be seen, from this view of the subject, that there was no error in the order changing the venue.
It is further objected, that the transcript of the record, made on change of venue, is imperfect in this, that it does not contain the bill of exceptions taken at the former trial.
The bill of exceptions is to be considered as a part of the record in a court of errors, and when it has been heard and determined in that court, it has performed its office.
*329 When the cause is remanded for a new trial, the bill of exceptions taken at a former trial, is no necessary part of the record, and it was not necessary in the present case, to copy and transmit it, upon the change of venue.
It is true, that a bill of exceptions may, in some circumstances, be used as evidence, in a subsequent trial of the same or another cause; and if it had been desired for that or other proper purpose, in the present case, the prisoner could, on motion, have obtained it.
But no diminution of the record was suggested, nor any motion made that the bill of exceptions, taken at the former trial, should be forwarded as part of the record; and the mere circumstance that it does not appear in it, was.certainly no error.
There being no error in the record, the judgment of the circuit court will be affirmed.